UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

U.S. MEDICAL NEUROSCIENCE
INVESTMENTS, L.L.C., ET AL.,

    Plaintiffs,

v.                                                    Case No. 8:09-cv-464-T-24 MAP

MORTON PLANT HOSPITAL
ASSOCIATION, INC.,

    Defendant.
_____/

**ORDER**

This cause comes before the Court on Defendant's Motion to Dismiss (Doc. No. 14), which Plaintiffs oppose (Doc. No. 18). This Court ordered supplemental briefing (Doc. No. 21), and the parties filed supplemental briefs (Doc. No. 22, 24).

**I. Background**

In their complaint, Plaintiffs allege the following (Doc. No. 1): Plaintiff U.S. Medical Neuroscience Investments, LLC ("U.S. Medical Neuroscience") and Defendant Morton Plant Hospital Association, Inc. formed Morton Plant Gamma Knife, LLC ("Gamma Knife"), an Indiana limited liability company. The purpose of the company was to operate and manage a Gamma Knife Center at Defendant's hospital.[1] As a result of this venture, several contracts were entered into: (1) U.S. Medical Neuroscience and Defendant entered into an Operating Agreement to form Gamma Knife; (2) Gamma Knife and Cherry Creek entered into a lease agreement and a rental schedule agreement, wherein Gamma Knife leased a gamma knife from Cherry Creek; (3)

---

[1] A gamma knife is a large and costly piece of medical equipment that is used to remove tumors and other malformations from a patient's brain.

Gamma Knife entered into a Medical Director Agreement with Dr. Dogali; and (4) Gamma Knife entered into a Management Services Agreement with Plaintiff U.S. Medical Management Services, L.L.C. ("U.S. Medical Management").

In furtherance of the venture, U.S. Medical Neuroscience borrowed money from Cherry Creek and contributed its own funds to construct the Gamma Knife Center building on Defendant's property, which cost more than $1.3 million. Additionally, U.S. Medical Neuroscience provided working capital to Gamma Knife.

After their relationship soured, Plaintiffs filed the instant lawsuit, in which U.S. Medical Neuroscience asserts seven claims against Defendant: (1) breach of contract due to Defendant's termination of the Operating Agreement; (2) breach of the Operating Agreement due to Defendant opening facilities that compete with Gamma Knife; (3) breach of the common law fiduciary duty between members of a limited liability company due to Defendant operating the competing facility; (4) breach of fiduciary duty due to Defendant directing Gamma Knife's income and other funds away from Gamma Knife; (5) breach of fiduciary duty due to Defendant profiting from Gamma Knife's business opportunity by misappropriating a donation made to Gamma Knife; (6) breach of fiduciary duty due to Defendant misrepresenting Dr. Dogali's credentials; and (7) fraud due to Defendant misrepresenting Dr. Dogali's credentials. Additionally, U.S. Medical Management asserts a claim against Defendant for tortious interference with the Management Services Agreement entered into by U.S. Medical Management and Gamma Knife.

## II.  Motion to Dismiss

In the instant motion, Defendant seeks dismissal of this case on two ground: (1) failure to

adequately allege diversity jurisdiction; and (2) failure to join Gamma Knife, which Defendant contends is an indispensable party that will destroy diversity jurisdiction. Accordingly, the Court will address each argument.

**A. Citizenship Allegations**

Defendant argues that this case must be dismissed, because Plaintiffs have failed to adequately allege complete diversity among the parties. In the complaint, Plaintiffs allege that Defendant is a citizen of Florida and that Plaintiffs are both limited liability companies ("LLCs") whose members reside outside the state of Florida. (Doc. No. 1, ¶ 1-3). Plaintiffs also submitted two affidavits (Doc. No. 19, 32), in which Plaintiffs' vice president states that the sole member of both Plaintiffs is U.S. Medical Management Holdings, LLC and that none of the individual members of U.S. Medical Management Holdings, LLC are citizens of Florida. Additionally, Plaintiffs' vice president lists all of the members of U.S. Medical Management Holdings, LLC, all of whom are individuals, and each members' citizenship. The members of U.S. Medical Management Holdings, LLC are citizens of Missouri, Indiana, and the Virgin Islands.

An LLC is a citizen of all of the states in which its members are citizens. See Rolling Greens MHP, L.P. v. Comcast SCH Holdings, L.L.C., 374 F.3d 1020, 1022 (11th Cir. 2004). As such, Plaintiffs are citizens of every state in which their sole member, U.S. Medical Management Holdings, LLC, is a citizen. Further, since U.S. Medical Management Holdings, LLC is a citizen of every state in which its members are citizens, and since its members are citizens of Missouri, Indiana, and the Virgin Islands, U.S. Medical Management Holdings, LLC, as well as Plaintiffs, are citizens of each of those states.

Accordingly, complete diversity exists among Plaintiffs and Defendant, as Defendant is a

citizen of Florida, and Plaintiffs are citizens of Missouri, Indiana, and the Virgin Islands. Therefore, Defendant's motion to dismiss based on lack of diversity between the existing parties is denied.

**B. Failure to Join Gamma Knife**

Next, Defendant argues that this case must be dismissed, because Plaintiffs have failed to join Gamma Knife, which Defendant contends is an indispensable party that will destroy diversity jurisdiction (because Gamma Knife is an LLC that is a citizen of every state in which its members are citizens). Defendant bases this argument on Federal Rule of Civil Procedure 19 and its contention that the claims at issue in this case are derivative claims that require joinder of Gamma Knife. Upon consideration, the Court finds that joinder, and thus dismissal, is not mandated.

Defendant's argument is based on the premise that if Plaintiffs' claims are derivative claims, then Gamma Knife must be made a party to the case. There is case law to support the contention that an entity on whose behalf a derivative claim is asserted is a necessary party. See, e.g., Bagdon v. Bridgestone/Firestone, Inc., 916 F.2d 379, 382 (7th Cir. 1990)(stating that a corporation is an indispensable party in a derivative action); Buckley v. Control Data Corp., 923 F.2d 96, 98 (8th Cir. 1991)(stating that "an entity on whose behalf a derivative claim is asserted is a necessary defendant in the derivative action"); Bankston v. Burch, 27 F.3d 164, 167 (5th Cir. 1994)(finding the partnership to be an indispensable party in the derivative lawsuit); Weber v. King, 110 F. Supp.2d 124, 133 (E.D.N.Y. 2000)(stating that "the entity on whose behalf a derivative lawsuit is brought is deemed an indispensable party"); Moore v. Simon Enterprises, Inc., 919 F. Supp. 1007 (N.D. Tx. 1995)(finding that the partnership was an indispensable party

4

because the plaintiff was asserting derivative claims). In determining whether the claims at issue in this case are derivative or direct claims, this Court must apply the law of the state of Indiana, because Gamma Knife is an Indiana LLC. See Gadd v. Pearson, 351 F. Supp. 895, 902 (M.D. Fla. 1972); International Insurance Co. v. Johns, 874 F.2d 1447, 1458 n.19 (11th Cir. 1989)(stating that Florida would likely apply the choice of law rules from the Restatements); Restatement (Second) of Conflict of Laws, § 301-310 (1971).

However, even assuming that some of the claims at issue are technically derivative claims, Indiana has an exception to the general rule that requires certain claims to be brought as a derivative action. Specifically, the Supreme Court of Indiana recognizes the following exception:

> In the case of a closely held corporation, the court in its discretion may treat an action raising derivative claims as a direct action . . . if it finds that to do so will not (i) unfairly expose the corporation or the defendants to a multiplicity of actions, (ii) materially prejudice the interests of creditors of the corporation, or (iii) interfere with a fair distribution of the recovery among all interested persons.

Barth v. Barth, 659 N.E.2d 559, 562 (Ind. 1995)(quoting A.L.I., Principles of Corporate Governance § 7.01(d)). This exception also applies to limited liability companies. See Purcell v. Southern Hills Investments, LLC, 847 N.E.2d 991, 1001 n.1 (Ind. App. Ct. 2006). Therefore, even if the claims at issue are technically derivative claims, such claims may be able to be brought as direct claims under the Barth exception.

Upon review, this Court finds that the Barth exception applies. This Court finds that allowing the case to proceed without the joinder of Gamma Knife will not unfairly expose Gamma Knife or the parties to a multiplicity of actions, because the only entities that can bring such claims (U.S. Medical Neuroscience and Defendant) are before this Court. Furthermore, this

5

Court finds that there is no evidence of any creditor in need of protection, and therefore, allowing the case to proceed without the joinder of Gamma Knife will not materially prejudice the interests of Gamma Knife's creditors. The Court notes that Gamma Knife's two main creditors–Plaintiffs (and related entities) and Cherry Creek–have indicated that they want this case to proceed as a direct action and anticipate a fair distribution of any recovery between them. (Doc. No. 22, Ex. A, B). Furthermore, this Court finds that allowing the case to proceed without the joinder of Gamma Knife will not interfere with a fair distribution of the recovery among all interested persons, because such interested persons are either before the Court (i.e., the parties) or have indicated that they want the case to proceed (i.e., Gamma Knife's creditors). As such, because none of the underlying reasons for requiring a derivative action are present, this Court finds that the case may be asserted as a direct action without the joinder of Gamma Knife. See Pfaffenberger v. Brooks, 652 N.E.2d 884 (Ind. Ct. App. 1995)(reversing the trial court's dismissal based on failure to join corporate party, because the appellate court found that the action could be brought as a direct action under the Barth exception).

     The same result occurs when analyzing the issue under Rule 19, because after considering the factors set forth in Rule 19, this Court finds that in equity and good conscience, the case should proceed among the existing parties. Since Indiana law allows the claims in the instant case to be brought as a direct action, this Court finds that neither Gamma Knife nor the existing parties would be prejudiced by a judgment rendered in Gamma Knife's absence. Furthermore, since the two members of Gamma Knife are before this Court, this Court finds that allowing this case to proceed will not impair or impede Gamma Knife's ability to protect its interests, that any judgment rendered will be adequate, and that there is no potential for a

multiplicity of member suits.

This Court notes that Defendant relies on a case based on Indiana law, <u>Trademark Retail, Inc. v. Apple Glen Investors, LP</u>, 196 F.R.D. 535 (N.D. Ind. 2000), in which the court determined that the LLC was an indispensable party.  However, that case is distinguishable from the instant case, because the court in <u>Trademark Retail</u> focused on the fact that the plaintiff was alleging harm to the LLC, and the LLC was an ongoing venture.  Conversely, in the instant case, Plaintiffs allege that Defendant unilaterally terminated the treatment of patients and other services provided by Gamma Knife, and as such, Gamma Knife is not alleged to be an ongoing venture.  (Doc. No. 1, ¶ 30-31).

### III.  Conclusion

Accordingly, it is ORDERED AND ADJUDGED that Defendant's Motion to Dismiss (Doc. No. 14) is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida, this 12th day of June, 2009.

*(signed)* Susan C. Bucklew
SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record